JULIÁN RODRÍQUEZ, Plaintiff and Appellee, v. MATEO PÉREZ, Defendant and Appellant, and OCTAVIA FLORES MORENO, Defendant.

No. 9196.   Argued December 26, 1945.—Decided February 12, 1946.

*Benigno Pacheco Tizol* for appellant. *Gerardo J. Walker* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court·

This is an action for damages brought, in the District Court of San Juan, by Julián Rodríguez against Mateo Pérez and Octavia Flores Moreno. The lower court rendered judgment dismissing the complaint as to Octavia Flores Moreno and adjudging the defendant Mateo Pérez to pay $600, together with costs and $150 as attorney's fees. Said defendant thereupon appealed, and in his brief he has assigned seven errors.

We will consider jointly assignments Nos. 1, 6, and 7, as they all relate to the weighing of the evidence. The appellant maintains that the judgment rendered is contrary to law and the evidence, because the plaintiff-appellee failed to prove that the motor truck which caused the accident belonged to the defendant or that Ramón Fuentes López, the driver who operated said truck, was an employee of the defendant; because the accident was a casual and unfortunate occurrence; because the court held that the defendant Mateo Pérez, and not Octavia Flores Moreno, the owner of the truck, was liable for the accident; and because the trial court acted with prejudice, passion, and partiality, and committed manifest error in weighing the evidence.

After a careful examination of the evidence, we have reached the conclusion that the three assignments mentioned above lack merit. The evidence shows beyond a doubt that the accident was caused by the negligence of the driver of the truck. The defendant-appellant testified that he used to rent trucks from Octavia Flores Moreno and other persons

in order to transport stones for the Government, paying to the owner of said truck according to the number of trips made; and he admitted that the truck involved in the accident belonged to Octavia Flores Moreno and was in the possession of the witness as lessee.

The plaintiff was not bound to prove that the defendant owned the truck in question, nor that Ramón Fuentes López, who operated it at the time of the accident, was an employee of the defendant, since the latter admitted that he was in possession thereof in his capacity as lessee and that when the accident occurred the vehicle was being used in an enterprise or business belonging to the defendant. Under the lease contract, Octavia Flores Moreno transferred the actual possession, use, and control of said truck to Mateo Pérez, placing it at his disposal in his capacity as lessee. The latter is liable for any damages caused by the truck in consequence of the negligence of the driver. Such liability cannot be imputed to the lessor. Nor was the plaintiff obliged to prove that the truck, which was used and operated in furtherance of the business of the lessee, was driven by the latter's chauffeur or agent in the discharge of the duties of his employment. It having been proved that the defendant held possession of the truck as lessee and that at the time of the accident, he used it in connection with his business, there arose the rebuttable presumption that the person who operated it was an agent or employee of the defendant and was acting within the scope of his employment. See *Robles* v. *Ferretería Merino, Inc.,* 64 P.R.R. 714, and *Acha* v. *Nevares,* 59 P.R.R. 235.

■ The appellant in the second assignment attacks the sufficiency of the complaint, on the ground that the facts alleged do not set up a cause of action because of the failure to allege that Ramón Fuentes, driver of the truck, was employed by Mateo Pérez and was acting in the course of his employment when the accident occurred. Under the averments of the complaint and the admissions made by the de-

fendant-appellant in his answer, we find that it has been sufficiently alleged that Mateo Pérez, lessee of the truck belonging to Octavia Flores Moreno, used the same in his business of transporting stones for the Insular Government, and that said truck was being driven by the chauffeur Ramón Fuentes López at the time of the occurrence which gave rise to the action for damages herein. The rebuttable presumption derived from those allegations was not overcome in any way by the evidence introduced by the defendant-appellant. The lower court did not err in holding that the complaint was sufficient.

■ The appellant urges that the lower court lacked jurisdiction to take cognizance of this case because neither the complaint nor the evidence showed that the acts complained of had occurred within the territorial jurisdiction of the District Court of San Juan. The complaint alleges that the accident which gave rise to the action brought by the plaintiff herein took place at Hectometer 3, Kilometer 26 of Insular Highway No. 3, and the evidence shows that the accident occured within the Island of Puerto Rico, although at no particular place therein. Since the districts courts are courts of general jurisdiction, and a claim for $1,500 is set forth in the complaint, the jurisdiction of the lower court, as well as that of any other district court where the action might have been brought, is unquestionable.

■ If the District Court of San Juan was not the proper court to try the case, that objection could, at the option of the defendant, have been presented by motion before filing his answer, under Rule 12(b) (3) of the Rules of Civil Procedure. Having failed to do so, or to present the objection in his answer, he must be held to have waived his objection to the venue, in accordance with subdivision (h) of said rule, and consequently to have become fully subject to the jurisdiction of said court.

■ The appellant maintains that the court erred in ad-

648

judging him to pay to the plaintiff the sum of $600, since the latter, in the specifications of the complaint, had estimated at $400 the damages for physical and mental suffering sustained by him in consequence of the accident. The damages claimed in the complaint are: $60 spent for medicine; $40 for medical and hospital expenses; $1,000 for loss of work; and $400 for physical and mental suffering; or $1,500 in all. The evidence in the case established the expenses incurred for medical treatment, medicine, and hospitalization, amounting to $100. It likewise established the existence of the physical and mental suffering which the plaintiff sustained and for which he claimed $400 in his complaint. The evidence as to the damages for the physical incapacity sustained by the plaintiff in consequence of the accident, is also sufficient. He testified that he worked as a road-foreman, earning ninety dollars monthly, and that he was totally disabled for work while he was confined in the hospital during 49 days suffering from the injuries received by him.

The judgment appealed from should be affirmed.

Mr. Justice Córdova did not participate herein.